CATHERINE SIEBERT, Respondent, v. LIGGETT & MYERS TOBACCO COMPANY, a Corporation, Appellant.*

St. Louis Court of Appeals.    Opinion filed June 18, 1925.

1. **MASTER AND SERVANT: Appliances: Purchased From Standard Maker: Not Complicated or Dangerous: Inspection.** Where an appliance furnished by the master is not complicated or dangerous, and is purchased from a reputable and standard maker, the master is not required to make a minute inspection of it for latent defects, and a proper inspection depends upon the nature of the thing to be inspected and the use to which it is put.

2. **————: Negligence: Servant Injured: Splinters: Master's Duty to Inspect Packing Boxes for Splinters.** A tobacco manufacturer had the duty of exercising ordinary care to detect patent defects, such as splinters in wooden boxes furnished employees to pack tobacco products in, notwithstanding such boxes were purchased from a reputable manufacturer.

3. **————: ————: ————: ————: Patent Defect: Ordinary Care: Contributory Negligence: Question for the Jury.** In an action for damages for personal injuries alleged to have been sustained by plaintiff whilst working in defendant's factory as tobacco packer caused by a protruding splinter in a box used by plaintiff in packing tobacco, whether a reasonably prudent person by the exercise of ordinary care could have discovered such protruding splinter, *held* a question for the consideration of the jury.

---

*Headnotes 1.    Master and Servant, 26 Cyc., p. 1139; 2. Master and Servant, 26 Cyc., p. 1136; 3. Master and Servant, 26 Cyc., p. 1463.

Appeal from the Circuit Court of City of St. Louis.—
*Hon. Robert W. Hall,* Judge.

AFFIRMED.

*Jones, Hocker, Sullivan & Angert* for appellant.

(1)    The rule is settled in Missouri that where the appliance furnished by the master is not complicated or dangerous, there is no duty on the master to inspect it before using it and he has discharged his duty when he has purchased the same from a reputable manufacturer. Jewell v. Mfg. Co., 166 Mo. App. 566; Tallman v. Nelson, 141 Mo. App. 483; Cole v. Mining Co., 204 S. W. 199; Labatt's Master & Servant (2 Ed.), sec. 1055, p. 2782; 40 L. R. A. (N. S.) 1120.    (2)    The evidence is wholly insufficient to sustain a finding that the defendant failed to exercise ordinary care in furnishing the box in question to the plaintiff.    There is no evidence that other persons in the same or similar circumstances inspected new boxes for splinters.    There is no standard furnished by the evidence from which the jury could conclude that the defendant should inspect the boxes for splinters. Wendall v. C. & A. Ry. Co., 100 Mo. App. 560-561; Coin v. Lounge Co., 222 Mo. 506; Brands v. St. Louis Car Co., 213 Mo. 698; Minnier v. Ry. Co., 167 Mo. 119; Chrismer v. Bell Telephone Co., 194 Mo. 209; Knott v. Boiler & Sheet Iron Works, 299 Mo. 613.    (3)    Due care cannot be determined from one incident.    The only evidence that the box was dangerous or from which the plaintiff could contend that the box should have been inspected was the fact of the injury.    The jury cannot be allowed to speculate and set up a standard of care from the fact that one injury occurred in the use of a simple tool.    Chrismer v. Bell Telephone Co., 194 Mo. 209.

*Mark D. Eagleton,* and *Harry S. Rooks* for respondent.

(1)    The peremptory instruction to find for defendant was properly refused because the defendant was charged with knowledge of the condition of the box at the time it was furnished plaintiff, in so far as an inspection made with reasonable care would have shown, and the evidence justified the jury in finding that defendant was negligent in furnishing the box with the splinter in it.    The jury would also be justified in find-

ing that ordinary care required the defendant to inspect the box before furnishing it to plaintiff, because the evidence showed that the nature of plaintiff's work was such that she did not have an opportunity to guard against injury by any such defects in it.  To furnish plaintiff with a reasonably safe box was ''a nondelegable, direct, personal and absolute duty of the defendant corporation, from which nothing but performance could relieve it.'' Sneed v. Shapleigh Hdw. Co., 242 S. W. 696, 699; Adair v. K. C. Terminal Ry. Co., 282 Mo. 133; Eckhardt v. Wagner Elec. Mfg. Co., 235 S. W. 117, 119; Amis v. Standard Oil Co., 233 S. W. 195, 201; Hayes v. Sheffield Ice Co., 282 Mo. 446, 454, 455; Mitchell v. Polar Wave Ice & Fuel Co., 206 Mo. App. 271.   (2)   Defendant's instruction F was properly refused for the reasons above stated under point 1, and for the further reasons that it does not require the jury to find that the defendant exercised any care whatever in selecting the Mengel Company to purchase boxes from, nor to find that defendant knew that the Mengel Company was a reputable manufacturer of boxes, if it was, in fact, nor to find that the Mengel Company was a reputable manufacturer of boxes at and prior to the time that plaintiff was injured, nor to find that the Mengel Company had a good reputation for furnishing reasonably safe-boxes, nor to find that the defendant did not have actual knowledge that the box in question was not reasonably safe.  And the instruction was refused for the further reason that the evidence shows that the defendant did not rely upon the Mengel Company to furnish reasonably safe boxes, so that the instruction was wholly without support in the evidence. (3)   Defendant's instruction C was properly refused because, for the reasons heretofore stated under point 1 the evidence justified the jury in finding that the defendant was negligent in failing to remove the splinter from the box before furnishing it to plaintiff.   (4)   Defendant's instruction D was properly refused because, for the reasons heretofore stated under point 1, defendant

was obligated to warn plaintiff of the splinter which defendant negligently failed to remove from the box when it was furnished to plaintiff.

NIPPER, J.—This is an action for damages for personal injuries, alleged to have been sustained by plaintiff while working at defendant's factory as a tobacco packer.

Plaintiff recovered judgment for $3000, and defendant appeals.

Plaintiff injured one of her fingers while handling tobacco boxes, by having her finger come in contact with a splinter on the inside of one of the boxes. The negligence counted upon in the petition was: (a) Negligent failure to furnish plaintiff a reasonably safe box; (b) failure to exercise ordinary care to inspect; (c) failure to remove the splinter from the box; and (d) failure to warn plaintiff.

The answer was a general denial, coupled with a plea of contributory negligence and assumption of risk.

The evidence offered on the part of the plaintiff discloses that she was thirty-three years of age, and resided with her mother in the city of St. Louis. She was working for defendant, and her work consisted of packing tobacco in boxes. In doing this work, plaintiff stood at a table. On this table plugs of chewing tobacco were placed to be packed in boxes. Each plug of tobacco was three inches wide, one foot long, and a little less than one-half inch in thickness. This tobacco was packed by plaintiff in wooden boxes. The dimension of these boxes was six inches wide, twelve inches long, and three inches deep. Sixteen plugs were placed in a box. The boxes were brought to plaintiff on a truck. Plaintiff had nothing to do with the work of loading the boxes on the truck or bringing them to the table at which she worked. When a truck-load of boxes would be brought to plaintiff they would be piled upon the truck to a height of about six feet. Plaintiff would take two boxes at a time from the

truck by grasping the sides of the two boxes with her right hand. This was the method of performing the work, which was done hurriedly. The boxes when brought to plaintiff were new boxes from the Mengel Box Factory adjacent to the defendant's place of business. The boxes were new, and none of them had been used. At the time plaintiff received her injury she had been working for the defendant about two weeks, and while engaged in her duties of packing tobacco she started to take some boxes from a truck-load which had just been brought to her table. She reached up and caught hold of two boxes in the manner aforementioned, as it was her duty to do in the performance of her work, and in catching hold of the two boxes one of her fingers was pierced by a splinter on the inside of one of the boxes. This was on a Saturday, and plaintiff worked until quitting time, which was twelve o'clock. In the afternoon the injured finger began to cause her pain, and continually grew worse until the next morning, when she went to her physician. The finger continued to grow worse and became more infected until the final result was a permanent injury to the middle finger in that it became stiff, and other fingers on her hand were so impaired as a result thereof that she has permanently lost more than fifty per cent. of the normal use of her right hand. Plaintiff was receiving $11.25 a week while working in defendant's employ.

The defendant introduced two witnesses who testified in its behalf.

Frank Scheffer, Superintendent of the Mengel Box Company which manufactured the boxes in question, testified that he had been in the employ of the box company for twenty-four years; that the Mengel Box Company had been engaged in making boxes for forty years, and had a factory adjoining defendant's and in the same building, as well as factories in several other large cities in the United States; that the Mengel Box Company manufactures all the wooden boxes used by the defend-

ant, and that such boxes are manufactured and inspected by the company and then conveyed to the defendant's factory; that the inspector of the boxes is supposed to pick out defective ones if they are found.

Edward R. Carr, foreman of defendant's press room, where the plaintiff worked, testified that he had been working for the defendant for thirty years; that the boxes used by the defendant company are brought into its factory by means of a chute; that the defendant has a man at the chute who receives the boxes and throws aside any defective boxes, and places the accepted ones on a truck, from which point the boxes are taken to the place where they are packed or filled with tobacco; that the Mengel Box Company is a reputable company, and that the defendant gets boxes from the Mengel Box Company and uses them just as it receives them. He also testified that the man who receives the boxes at the chute is instructed to throw out any that are not fit for use, and that if the inspector should see a box containing any kind of defect, such as not being safe for any one to handle, he is expected to throw it out. He stated, also, that it was the duty of defendant's inspector to receive these boxes at the chute from the Mengel Company, and inspect them for the purpose of seeing if they contained splinters, and if he discovered such to throw the boxes to one side. It appears that the plaintiff made no complaint to any employee of the company as to any injury which she received at the time.

At the close of the plaintiff's case, and at the close of the whole case, the defendant asked an instruction in the nature of a demurrer to the evidence. This the court refused.

Defendant assigns as error the court's action in refusing to give its instruction to the effect that there was no liability on the part of the defendant. A decision of this question eliminates practically all the questions raised on appeal. Defendant seeks to relieve itself of liability in this case under the rule that the appliance

furnished by it was not complicated or dangerous and there was no duty on its part to inspect; and that there is no evidence that other persons in the same circumstances inspected boxes for splinters, and therefore there was no standard furnished from which the jury could conclude that the defendant should have inspected the boxes for splinters.

It is the unquestioned rule of law that, where an appliance furnished by the master is not complicated or dangerous, and is purchased from a reputable and standard maker, the master is not required to make a minute inspection of it for latent defects, and a proper inspection depends upon the nature of the thing to be inspected, and the use to which it is put. Even though the appliance be a simple one, if it is put to a hazardous use the master owes the servant the duty of exercising reasonable care by the inspection of the appliance to ascertain if it is in a reasonably safe condition. In determining just what duty the master owes under such conditions, many circumstances must be considered. The construction of the appliance, the materials composing it, the uses to which it is put, and the dangers attending its use, with many varying circumstances, must all be taken into account, and it is impossible to lay down a rule of conduct which would serve as a test or measure in all cases in ascertaining whether or not the master is discharging the duty imposed upon him by law, for what might be ordinary care in one case would be negligence in another. [Near v. Railroad, 261 Mo. 80, 168 S. W. 1186.]

The master in the instant case purchased the boxes from a reputable manufacturer, and the boxes were a simple appliance, and were not put to a particularly hazardous use. Therefore the facts of this case make it such a one as comes close to the rule relieving the master of liability. But we have in this case a patent defect, and not a hidden one. The master was not required to take the boxes apart or to make a minute examination in order to discover an inch and a half splinter protruding from

the inside of a box as small as the ones being used by the plaintiff. The defendant recognized its duty to exercise ordinary case to inspect the boxes, because it kept a receiver or an inspector at the chute to receive these boxes from the Mengel Company, and, according to defendant's own testimony, it was the duty of such inspector to throw aside any boxes containing splinters such as the one upon which plaintiff received her injury. The question then arises: Could plaintiff, by the exercise of ordinary care, have discovered the defective condition of this box? And, as stated in 18 R. C. L., p. 564:

"Assuming the defect which caused the injury to have been discoverable by the exercise of proper care, some one ought, in fairness, to be held responsible for its existence, and it is a mere mockery of justice to absolve the master simply on the ground that he was justified in trusting to the skill and diligence of a person who, if that skill and diligence were, as a matter of fact, not exercised, is not liable to the servant, because there is no privity of contract between them. In view of these considerations modern tendencies seem to be in favor of holding that the mere purchase of the offending instrumentality from a reputable dealer is not alone sufficient to excuse the employer, but that with this requirement is coupled the duty of such reasonable examination as is practicable by a prudent man under similar circumstances."

Inasmuch as the defect in the box was a patent defect, and no minute examination would be required to discover it, the defendant owed plaintiff the duty of using such care as would detect such defect if such could have been detected by a reasonable inspection. [Blankenship v. Paint & Glass Co., 154 Mo. App. 483, 135 S. W. 970.] It is the master's duty to furnish reasonably safe appliances, and this duty is a positive, nondelegable, and continuing one, and requires him to make such examination or inspection as ordinary prudence suggests, depending upon the materials, the influences to which they are

subjected, and the risks incident to their use. And whether a reasonably prudent person, by the exercise of ordinary care, could have discovered this protruding splinter in the box used by plaintiff, was a question, we think, for the consideration of the jury. [Sneed v. Shapleigh Hardware Co. (Mo. App.), 242 S. W. 696.]

There are objections made to the court's action in refusing to· give certain instructions requested by defendant, but what we have heretofore stated with respect to the law as applicable to the facts of this case disposes of these objections also.

It follows from what has been said that the judgment should·be affirmed. It is so ordered. *Daues, P. J.,* and *Becker, J.,* concur.